OLIVE CHAPMAN, as Administratrix, etc., of HARVEY CHAPMAN, Deceased, Appellant, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Respondent.

*Motion for a new trial granted because of the falsity of the testimony of one of the plaintiff's witnesses — the plaintiff should not be charged with the costs of the motion, and of a reference ordered on the motion, but such costs should be made to abide the event.*

After an action brought to recover damages resulting from the death of the plaintiff's intestate, caused by the alleged negligence of the defendant, had been tried and had resulted in a verdict for the plaintiff, the defendant made a motion for a new trial upon the ground that a witness for the plaintiff, whose testimony the trial court had charged was essential to the plaintiff's success, had testified falsely. The motion, which involved charges of misconduct on the part of the attorneys for the respective parties, was referred to a referee, who found on satisfactory evidence that the testimony given by the witness in question was false. The trial judge confirmed the referee's report, set aside the judgment entered on the verdict and directed a new trial, charging the plaintiff with the costs of the motion and of the reference.

*Held*, that the order should be modified so as to make the costs of the motion and of the reference abide the event, and that as so modified it should be affirmed, without costs;

That, as the plaintiff was entitled to have the jury pass upon the question of the truthfulness of the evidence given by the witness in question, the costs ought not to be awarded as though the verdict was certainly procured by perjured evidence, but upon the theory that there was further evidence secured since the trial as to the falsity of the testimony given by such witness.

APPEAL by the plaintiff, Olive Chapman, as administratrix, etc., of Harvey Chapman, deceased, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 26th day of October, 1903, confirming the report of a referee and setting aside a judgment in favor of the plaintiff theretofore entered in the action upon the verdict of a jury, and granting a new trial of the action.

*Thomas Hogan,* for the appellant.

*Jenney, Jenney & Cole,* for the respondent.

WILLIAMS, J. :

The order should be modified so as to make costs of the motion and reference abide event, and as so modified affirmed, without costs of this appeal to either party.

The action was brought to recover damages resulting from the death of plaintiff's intestate alleged to have been caused by defendant's negligence.

The death was occasioned by a grade crossing accident near the city of Syracuse, July 28, 1900. The action was tried in March, 1902, and the jury disagreed. It was tried again in June, 1902, and plaintiff had a verdict for $5,000. An appeal was taken and was argued at the Appellate Division in March, 1903. Before the decision of the appeal a motion was made by defendant at Special Term, May 2, 1903, for a new trial upon the ground that a witness for plaintiff, David Wood, had testified falsely upon the trial. Upon the motion defendant read an affidavit made by Wood to the effect that he had testified *falsely* upon the trial. In answer to this the plaintiff read a later affidavit made by Wood to the effect that the evidence given by him on the trial was absolutely *true,* and that he had not knowingly made any affidavit that it was *false.* His affidavit contained a statement of what had occurred between him and the defendant's attorney at the time it was claimed his first affidavit was made, and there were other affidavits on both sides with reference to the matter. The papers involved not only the question of the credibility of Wood and his evidence, but the conduct of the attorneys on both sides, it being charged that plaintiff's attorney had procured Wood to testify untruly on the trial, and that defendant's attorney had procured Wood's first affidavit by fraud and improper influence. The court, in view of these claims and charges, referred it to a referee to take evidence and report the same to the court with his opinion. The referee, after hearing the parties, reported the evidence and his opinion :

1. That the testimony of Wood on the trial was willfully false.

2. That the plaintiff's attorneys did not procure Wood to give such false testimony.

3. That the defendant's attorneys did not procure the first affidavit from Wood by fraud or improper influence. The referee gave the reasons for this opinion in considerable detail, which need not be recited here. Upon the coming in of the report, the court made the order appealed from *confirming* the *report*, setting aside the judgment entered on the verdict, and directing a new trial, and charging plaintiff with costs of the motion and reference. Considerable ill-feeling has evidently arisen between the counsel having charge of this litigation, which we are not called upon to sympathize with one way or another. If it had not been for the charges against counsel back and forth, the court would have been able to determine the motion for a new trial without the assistance of a referee. When such charges of misconduct on the part of attorneys are made, the court usually exercises great care to satisfy itself whether the charges are true, to the end that the attorneys, if guilty, may be properly dealt with, and if not guilty to make their innocence appear. A reference is ordinarily made to give the attorneys a full opportunity to establish or refute the charges. In this case a very competent, fair and high-minded lawyer was appointed referee. He took a large amount of evidence and gave his opinion with care, and it has been approved by the Special Term judge. It acquitted the attorneys in the case of all improper conduct and wrongdoing. So far as this branch of the order is concerned there is no ground for an appeal proper to this court. At most the record here brings before us the evidence, so that we may, if we are so inclined, reconsider the action of the referee and the Special Term judge, and order a further investigation as to the conduct of the attorneys or any of them. We do not think it necessary to take that course here.

A casual view of some of the transactions involved causes an unpleasant feeling in our minds, but considering the standing of the referee and the uprightness of the Special Term judge, who have had this matter in charge and have seen the witnesses and examined the evidence, we feel that we can rely safely upon their determination so far as the interests of the legal profession and of the public are concerned.

We come now to the consideration of the only question really involved on this appeal, the *granting* of a new trial and the *charging* of the plaintiff with costs of the motion and reference.

The ground upon which a new trial was asked for and granted was that the evidence of Wood was untrue, and without such evidence the case could not have been sent to the jury, and a verdict could not have been rendered for the plaintiff. In effect it is on the ground of newly-discovered evidence as to the falsity of his evidence on the trial. Wood testified to meeting the deceased just before he reached the crossing where he was killed, and to other facts from which the jury might find that the deceased stopped his team, and looked and listened before driving upon the track in front of the train. The court in charging the jury and referring to this evidence of Wood, said : " Except for that evidence in this case your verdict would necessarily be for the defendant, and if you discredit that evidence, if you disbelieve it, then your verdict, I say to you, must be for the defendant, because that evidence being absent, or that evidence being discredited, there is nothing here to show the absence of contributory negligence on the part of the plaintiff's intestate."

It is the opinion of the referee, approved by the trial judge, that the testimony of Wood so given on the trial *was false ;* that he did not meet the deceased on the night of the accident, did not speak to him or hear him or *see him* on that occasion. After the trial Wood made an affidavit that such evidence was entirely *untrue,* and later another affidavit that it was absolutely *true,* and that the affidavit theretofore made was procured from him while he was intoxicated and in the belief that it was a receipt for a claim he settled at the time. Then the referee and the trial judge saw Wood and had occasion to observe his appearance as a witness and as a man. There was other evidence also tending to show his evidence on the trial was untrue. The question before the Special Term judge and the question here is not quite whether the evidence of Wood *was* absolutely untrue. That is a question the plaintiff is entitled to have the finding of the jury upon. His credibility as a witness and the truthfulness of his evidence was submitted to the jury on the trial and the jury found for the plaintiff. If there were no other evidence bearing upon this subject or only slight evidence at the time this order for a new trial was made, then the court should not have made the order. But a great deal has occurred since the trial took place, sufficient to require, as the trial justice found, this question

of the credibility of Wood and his evidence to be again submitted to a jury. The making of the order was more or less discretionary, and might be sustained upon that ground alone very likely, but we are inclined to think, if the question were submitted to us as an original question, rather than as an appeal from an order, we should arrive at the same conclusion as the trial justice did.

When a charge of perjury is made upon a fair amount of evidence, we ought to favor a further consideration of the case by a jury, which is all we have power to do. A verdict upon perjured evidence ought not to stand, but the jury must settle the question in the end, under the late decisions of the Court of Appeals, and the court must submit to such result.

As to the question of costs, we think the rule as to granting a new trial upon newly-discovered evidence should prevail. Costs ought not to be awarded as though the verdict was certainly procured by perjured evidence, but upon the theory that there is further evidence as to the falsity of such witness and his evidence, requiring a resubmission of such question to a jury.

The order should, therefore, provide that the costs of motion and of the reference abide event as the costs of the first trial do, no provision being made that the defendant pay the costs as a condition of having a new trial. To charge the plaintiff with such costs would be to determine absolutely that the evidence was perjured, rather than that such question should be submitted to another jury.

We conclude, therefore, that the order appealed from should be modified so as to make the costs of the motion and of the reference abide the event, and as so modified affirmed, without costs of this appeal to either party.

All concurred.

Order modified so as to make the costs of the motion and the reference abide the event, and as so modiffed affirmed, without costs of this appeal to either party.